UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLTON E. HAYNES,            )  | |
|        Plaintiff,            ) | |
|                                             )  | C.A. No. 05-10533-RCL |
| v.                                         )  | |
|                                             )  | |
| ANN MARIE FRANCIS,          )  | |
|        Defendant.            )  | |

## MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's application to proceed without prepayment of fees is denied without prejudice. If plaintiff submits a new, fully-completed application to proceed without prepayment of the filing fee, he shall also demonstrate good cause why this action should not be dismissed for the reasons stated below.

## BACKGROUND

On March 9, 2005 plaintiff Carlton E. Haynes, a resident of Mattapan, Massachusetts, filed an application to proceed without prepayment of the filing fee and a complaint against Ann Marie Francis, a resident of Augusta, Maine, and the mother of plaintiff's child. Plaintiff invokes this Court's diversity jurisdiction and alleges on December 11, 2002, defendant locked plaintiff out of the apartment they shared in Augusta, Maine. Plaintiff complains that the defendant did not permit plaintiff to retrieve his belongings and seeks monetary damages in the amount of $4,500. Plaintiff's complaint also recounts events surrounding the birth of his daughter and the subsequent legal proceedings concerning plaintiff's efforts to seek custody.

## DISCUSSION

I. The Application to Proceed Without Prepayment of Fees

A party filing a civil action in this Court must either (1) pay the $250 filing fee for civil actions or (2) seek to be granted in forma pauperis by filing an application to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914 (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings in forma pauperis). For the convenience of litigants, this Court provides a standardized, double-sided form for fee waiver applications entitled "Application to Proceed Without Prepayment of the Filing Fee and Affidavit."

Plaintiff only completed the first page of the application and failed to complete the second side of the application. Because the application is incomplete, I cannot make a determination whether plaintiff qualifies for in forma pauperis status and will deny it without prejudice. I will grant plaintiff additional time to submit a new, fully-completed application.

II. The Court May Screen This Action

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of Section 1915.. See 28 U.S.C. § 1915. A district court may dismiss a complaint filed in forma pauperis "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b).

In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claims are based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) Here, plaintiff's claims are subject

to dismissal.

    A.  Diversity Jurisdiction

Plaintiff invokes this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under this statute, federal jurisdiction is available when a plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000.

Although plaintiff alleges diversity of citizenship between the parties, he has not satisfied the amount in controversy requirement. The amount in controversy requirement is only satisfied by a plaintiff alleging a compensable loss of in excess of $75,000, unless it can be said to a legal certainty that plaintiff did not have a reasonable, good faith basis, at the time suit was commenced, to believe that the recovery would meet the jurisdictional threshold. Coventry Sewage Associates v. Dworkin Realty, 71 F.3d 1, 5-6 (1st Cir. 1995); St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). Applying this standard, it appears that plaintiff lacks a reasonable, good faith basis to believe that his recovery could exceed $75,000.

    B.  The Rooker-Feldman Doctrine

To the extent plaintiff seeks to have this Court review the child custody and visitation determinations of the state court, lower federal courts are without subject-matter jurisdiction to sit in direct review of state court decisions pursuant to the Rooker-Feldman[1] doctrine. See, e.g., Hill v. Town of Conway, 193 F.3d 33, 34 (1st Cir. 1999) (citing Wang v. New Hampshire Bd. of

---

[1] The Rooker-Feldman doctrine is a distillation of two Supreme Court decisions: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). See Hill, 193 F.3d at n. 1 (describing history of doctrine).

Registration, 55 F.3d 698, 703 (1st Cir. 1995)) (describing Rooker-Feldman doctrine).  The jurisdiction to review state court decisions lies exclusively with superior state courts and, ultimately, the United State Supreme Court.  See Feldman, 460 U.S. at 482-86; Rooker, 263 U.S. at 415-16.  Thus, this Court does not have jurisdiction to review the child custody and visitation determinations of the state court.

## CONCLUSION

ACCORDINGLY, plaintiff's application to proceed without prepayment of fees is DENIED without prejudice.  If plaintiff wishes to proceed with this action, he shall, within 35 days of the date of this Order, (1) submit a new, fully completed application to proceed without prepayment of fees and (2) demonstrate good cause, in writing, why this action should not be dismissed for the reasons stated above.  If plaintiff fails to submit a new application or demonstrate good cause, this action will be dismissed without prejudice.

SO ORDERED.

Dated at Boston, Massachusetts, this  29th   day of  March , 2005.

 /s/ Reginald C. Lindsay
REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE